**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**CENTRAL STATES, SOUTHEAST
AND SOUTHWEST AREAS PENSION
FUND, and ARTHUR BUNTE, JR.
Trustee,**

        **Plaintiffs,**        **CIVIL ACTION NO. 12-mc-50917**

   **vs.**

                              **DISTRICT JUDGE PAUL D. BORMAN**

                              **MAGISTRATE JUDGE MONA K. MAJZOUB**

**SCHEEL'S CONCRETE, INC.,
a Michigan corporation,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

This matter comes to the Court after Plaintiffs, Central States, Southeast and Southwest Areas Pension Funds and Arthur H. Bunte, Jr. As Trustee ("Plaintiffs") obtained a judgment against Defendant Scheel's Concrete, Inc. ("Scheel's") in the amount of $126,838.98 ("the Judgment") in the Northern District of Illinois. (*See* docket no. 1.)  For the reasons more fully discussed *infra*, interested Party, the Delores Messina Trust ("The Trust"), now objects to Plaintiff's garnishment of Garnishee Formspec, Inc. ("Formspec") for monies owed by Formspec to Scheel's. (Docket no. 22.)  Before the Court are Plaintiffs' Motion to Continue Hearing and to Open Discovery (docket no. 28) and Plaintiffs' Motion for Order Directing Formspec to Deposit Periodic Payments With the Court (docket no. 32).  In a text-only order, the Court granted Plaintiffs' Motion to Continue Hearing pending a determination of Plaintiffs' Motion to Open Discovery.  The Trust filed a limited objection with regard to Plaintiff's Motion to Open Discovery (docket no. 36) but does not appear

1

to object to Plaintiff's Motion for Order Directing Deposits.[1] Plaintiffs filed a Reply to the Trust's limited objections. (Docket no. 37.) The motions have been referred to the undersigned for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 33). But because this is a post-judgment matter, the undersigned must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir.1993). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f) and is now ready to make its recommendation.

## I. RECOMMENDATION:

The Court should GRANT Plaintiffs' Motion to Continue Hearing (docket no. 28). and should open discovery in this matter through October 31, 2013.

The Court should also GRANT IN PART Plaintiffs' Motion for an Order Directing Formspec to Deposit All Periodic Payments Owed to Scheel's With the Court (docket no. 32). The Court should enter an order directing Formspec to deposit the monies and assets they hold for Scheel's benefit in a separate, interest-bearing account pending resolution of the priority dispute in this matter.

The undersigned further recommends that the Court set a briefing schedule for Plaintiffs and the Trust to address the issue of priority following the close of discovery.

## II. REPORT:

---

[1] In their Motion, Plaintiffs note that "Counsel for Formspec and the Trust advised that they did not oppose the relief sought." (Docket no. 32 at 4.) Plaintiffs filed their Motion on June 27, 2013. (*See* docket no. 32.) Thus, the Trust and Formspec were required to file their responsive briefs no later than July 11, 2013. *See* E.D. Mich. L.R. 7.1.(e)(2)(B). Because neither the Trust nor Formspec filed a timely response to Plaintiffs' Motion, the Court will assume that they concur in the relief sought, as Plaintiffs indicated.

Following the entry of their Judgment against Scheel's, Plaintiffs filed their certified Registration of Judgment in this Court and requested non-periodic writs of garnishment against several garnishees, including Formspec. (Docket no. 8.) Formspec's indebtedness to Scheel's arises out of a settlement and release agreement; payments were to be made by Formspec to Scheel's on a judgment payment plan. (*See* docket no. 32-1 at 2.) On March 20, 2013, the Court issued a non-period writ of garnishment to Formspec, which would have required Formspec to make payments to Plaintiffs instead of Scheel's. (Docket no. 13.)

On April 21, 2013, the Trust filed an objection to the writ of garnishment issued to Formspec, arguing that Scheel's is indebted to the Trust in excess of $600,000.00 pursuant to a promissory note. (Docket no. 22.) The Trust further alleges that Scheel's executed a security agreement "granting a security interest to [the Trust], Dawn Barns, Michelle Parm and Joseph Parm in all of Scheel's assets, including but not limited to 'all accounts, contract rights, chattel paper, instruments; investment property, general intangibles and letter of credit rights, wherever located, now owned or in the future acquired by Debtor.'" (*Id.* at 1 (citing docket no. 22 at 6).) The Trust argues that the note and security agreement entitle the Trust to priority in the monies owed to Scheel's by Formspec. (*See id.*)

### A.    Plaintiff's Request for Discovery

In light of the Trust's assertions, Plaintiffs request that the Court open discovery through September 30th, 2013, so that Plaintiffs can "determine the validity of the Note and Security Agreement." (Docket no. 28 at 5.) Specifically, Plaintiffs argue that the beneficiaries of the Trust are Scheel's shareholders and that Scheel's became indebted to the Trust through advances made by the Trust to Scheel's. Thus, Plaintiffs contend, they "need to investigate whether the advances

3

which serve as the underlying basis for the Note and Security Agreement are loans or capital contributions." (*Id.* at 6.) In support of their request, Plaintiffs cite to Fed. R. Civ. P. 69, Mich. Comp. Laws § 600.6104, and Mich. Ct. Rule 3.101(L). (*Id.* at 5-6.)

The Trust does not object to some limited discovery in this matter so long as the Trust maintains its "right to object to any discovery that exceeds the scope of M.C.L. § 600.6104 or is otherwise objectionable under applicable State or Federal law or court rules." (Docket no. 36 at 2.) Plaintiffs appear to acknowledge that the Trust will maintain such rights, as does the Court. Therefore, the Court recommends opening discovery in this matter though October 31, 2013.[2] Such discovery, however, should be limited to discovery regarding the validity of the Note and Security Agreement.

### B. Payment Deposits

Although Formspec asserts that "no payment at this time [is] due [to] Defendant," it does acknowledge that it is indebted to Defendant on a judgment payment plan. (Docket no. 31-2.) Plaintiffs argue that due to the dispute between Plaintiffs and the Trust, "Formspec should not be transferring any monies that it owed to Scheel's." (Docket no. 31 at 3.) Plaintiff alleges that on June 24, 2013, Formspec's counsel informed Plaintiffs' counsel that "Formspec had been retaining all the periodic payments owed to Scheel's and putting those payments into a separate account until it received a court order directing it to do otherwise." (*Id.*) Plaintiffs ask the Court to enter an order "directing Formspec to deposit all periodic payments owed to Scheel's with the Court on a monthly basis." (*Id.* at 4.) Plaintiffs note, however, that they are "comfortable with Formspec continuing

---

[2]Plaintiffs made their request on June 25, 2013. Because nearly 30 days have passed since Plaintiffs made their request, the Court recommends opening discovery through October 31, 2013, instead of September 30, 2013.

to deposit the periodic payments into a separate account as long as the Court specifically enters such an order. (*Id.* at n.2.)

While Plaintffs' Motion is unopposed, E.D. Mich. LR 67.1 provides that any proposed order directing the Clerk of Court to deposit funds in an interest-bearing account must state the amount to be invested and include language directing the Clerk to deduct from the account any fee authorized by the Judicial Conference of the United States. Because Formspec is already making deposits into a separate account, and because Plaintiffs are comfortable with such an arrangement, the Court does not see any reason to subject the parties to the fees associated with the Court-based escrow account.

Accordingly, the undersigned recommends that the Court grant Plaintiffs' Motion and enter an order directing Formspec to deposit the monies and assets they hold for Scheel's benefit in a separate, interest-bearing account pending resolution of the priority dispute between Plaintiffs and the Trust. Finally, this Court recommends that a briefing schedule be set for Plaintiffs and the Trust to address the issue of priority.

### III.  **<u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v.*

*Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 22, 2013        s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: July 22, 2013        s/ Lisa C. Bartlett
                            Case Manager