**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**CENTRAL STATES, SOUTHEAST**
**AND SOUTHWEST AREAS PENSION**
**FUND, and ARTHUR BUNTE, JR.**
**Trustee,**

      **Plaintiffs,**          **CIVIL ACTION NO. 12-mc-50917**

  vs.

                                **DISTRICT JUDGE PAUL D. BORMAN**

                                **MAGISTRATE JUDGE MONA K. MAJZOUB**

**SCHEEL'S CONCRETE, INC.,**
**a Michigan corporation,**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

This matter comes to the Court after Plaintiffs, Central States, Southeast and Southwest Areas Pension Funds and Arthur H. Bunte, Jr. As Trustee ("Plaintiffs") obtained a judgment against Defendant Scheel's Concrete, Inc. ("Scheel's") in the amount of $126,838.98 ("the Judgment") in the Northern District of Illinois. (*See* docket no. 1.)  Before the Court is the Parties' Joint Motion for Entry of an Order Directing Wallworx to Hold All Payments Owed to Defendant in a Separate Interest-Bearing Account. (Docket no. 41.)  The motions has been referred to the undersigned for a hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 33).  But because this is a post-judgment matter, the undersigned must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  *See Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir.1993).  The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f) and is now ready to make its recommendation.

1

**I. RECOMMENDATION:**

The Court should GRANT the Parties Joint Motion (docket no. 41) and enter an order directing Wallworx to deposit the monies and assets they hold for Scheel's benefit in a separate, interest-bearing account pending resolution of the priority dispute in this matter. The Court notes, however, that the Parties Proposed Order (docket no. 41-3) is not consistent with this requested relief as the proposed order requires monthly deposits with the Court.

**II. REPORT:**

The background in this garnishment dispute is fully set forth in the Court's previous Report and Recommendation entered on July 22, 2013, wherein the Court recommended, in part, ordering garnishee Formspec, Inc., to make any payments on its indebtedness to Scheel's into a separate interest-bearing account pending the resolution of this matter. (Docket no. 38.) With regard to the Parties' instant Motion, garnishee Wallworx has acknowledged that it is indebted to Scheel's in the amount of $227,905.01 for accounts payable. (Docket no. 41-2.) The Parties now request that the Court enter the same deposit order with regard to Wallworx and its indebtedness to Scheel's.

Because the Motion is unopposed, and because the Court adopted the undersigned's prior recommendation with regard to Formspec, the undersigned recommends granting the Parties' Motion and entering an order directing Wallworx to deposit the monies and assets they hold for Scheel's benefit in a separate, interest-bearing account pending resolution of the priority dispute between Plaintiffs and the Trust.

**III. NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28

U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: September 9, 2013			s/ Mona K. Majzoub
						MONA K. MAJZOUB
						UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: September 9, 2013			s/ Lisa C. Bartlett
						Case Manager